**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Joshua Walls, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 11 C 6026 |
| United Collection Bureau, Inc., an Ohio corporation, LVNV Funding, LLC, a Delaware limited liability company, and Resurgent Capital Services, L.P., a Delaware limited partnership | ) ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**CLASS ACTION COMPLAINT**

Plaintiff, Joshua Walls, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) all parties reside here; and, c) Defendants transact business here.

**PARTIES**

3. Plaintiff, Joshua Walls ("Walls"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom the Defendant attempted to collect a delinquent consumer debt allegedly owed originally for a Credit One Bank credit card.

4. Defendant, United Collection Bureau, Inc. ("UCB"), is an Ohio corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. UCB operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant UCB was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. LVNV operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant LVNV was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant, Resurgent Capital Services, L.P. ("Resurgent"), is a Delaware limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Resurgent operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Resurgent was acting as a debt collector, as that term is defined in the FDCPA, as to

the delinquent consumer debt it attempted to collect from Plaintiff.

7. Defendants Resurgent and LVNV are sister corporations. Defendant LVNV is a bad debt buyer and Defendant Resurgent manages the collection of the debts that LVNV buys.

8. Defendants UCB, LVNV and Resurgent each are authorized to conduct business in the State of Illinois and maintain registered agents within the State of Illinois, see, records from the Illinois Secretary of State attached as Group Exhibit A. In fact, all Defendants conduct business in Illinois.

9. Defendants UCB, LVNV and Resurgent are each licensed as a debt collection agency in the State of Illinois, see, records from the Illinois Division of Professional Regulation attached as Group Exhibit B. In fact, all Defendants act as collection agencies in Illinois.

**FACTUAL ALLEGATIONS**

10. Mr. Walls fell behind on paying his Credit One Bank credit card debt. At some point after it became delinquent, Defendant began to collect upon that debt and on February 8, 2011, Defendants sent Mr. Walls an initial form collection letter, which stated twice that UCB's "Client" was "RESURGENT CAPITAL SERVICES LP", but that the "Current Owner" was "LVNV FUNDING, LLC". No explanation was given as to any relationship between the two entities or why or how Resurgent was involved with the debt. A copy of this letter is attached as Exhibit C.

11. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendants' collection communications are to be interpreted under the

"unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**Violation Of § 1692g(a)(2)**
**Failure To Effectively Identify The Name Of The Creditor**

13. Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, it must provide consumers with several pieces of information – the amount of the debt, the 30-day validation notice and "(2) the name of the creditor to whom the debt is owed", see, 15 U.S.C. § 1692g(a). It is not enough to provide the information required by § 1692g of the FDCPA; rather, that information must be effectively conveyed. See, Bartlett v. Heibl, 128 F.3d 497, 500 (7th Cir. 1997); Miller v. McCalla, Raymer, Padrick, Cobb, Nichols and Clark, L.L.C., 214 F.3d 872, 875-876 (7th Cir. 2000); see also, 15 U.S.C. § 1692g(b).

14. Defendants' letter to Plaintiff failed to state the name of the current creditor effectively because first the letter states that Resurgent is the client, however, it then goes on to state that the Current Owner was LVNV, but then concludes that UCB's client was Resurgent. Without any explanation of what, if any, the relationship is between LVNV and Resurgent or between the "Current Owner" and the "Client", a consumer would be confused as to whom the debt is owed. Thus, Defendants have failed to state effectively "the name of the creditor to whom the debt is owed". Therefore, Defendants' form collection letter violates § 1692g(2) of the FDCPA.

15. Defendants' violation of § 1692g(a)(2) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**CLASS ALLEGATIONS**

16. Plaintiff, Joshua Walls, brings this action individually and as a class

action on behalf of all persons similarly situated in the State of Illinois from whom Defendants attempted to collect a delinquent consumer debt allegedly owed originally to Credit One Bank, that was then allegedly owed to LVNV and/or Resurgent, via the same form collection letter (Exhibit C), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present.  This action seeks a finding that Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

17.	Defendants regularly engage in debt collection, using the same form collection letter it sent Plaintiff Walls, in its attempts to collect delinquent consumer debts from other persons.

18.	The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts by sending other consumers the same form collection letter it sent Plaintiff Walls.

19.	Plaintiff Walls' claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

20.	The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or

impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

21. Plaintiff Walls will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Walls has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Joshua Walls, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Walls as Class Representative of the Class, and his attorneys as Class Counsel;

3. Find that Defendants' form collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiff Walls and the Class, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Joshua Walls, individually and on behalf of all others similarly situated, demands trial by jury.

                                           Joshua Walls, individually and on behalf of all others similarly situated,

                                           By: /s/ David J. Philipps\_\_\_
                                           One of Plaintiff's Attorneys

Dated: August 30, 2011

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com