**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Joshua Walls, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 11 C 6026 |
| United Collection Bureau, Inc., an Ohio corporation, LVNV Funding, LLC, a Delaware limited liability company, and Resurgent Capital Services, L.P., a Delaware limited liability partnership, | ) ) ) ) ) ) ) | Judge Grady<br><br>Magistrate Judge Brown |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO DISMISS**

Plaintiff, Joshua Walls ("Wall"), individually and on behalf of all others similarly situated, hereby responds to Defendants' Rule 12b(6) motion to dismiss (Dkt. 15):

**INTRODUCTION**

In cases brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Seventh Circuit has long held that, in protecting consumers from the machinations of debt collectors, ". . . an unsophisticated consumer is to be protected against confusion whatever form it takes". See, Bartlett v. Heibl, 128 F. 3d 497, 500 (7th Cir. 1997). Defendant's form debt collection letter, twice listing Defendants' "Client" as Resurgent Capital Services, L.P., but that the "Current Owner" was LVNV Funding, LLC, without explaining what the relationship or difference was between the "Client" and the "Current Owner" (see, Dkt.1-3 and Exhibit A, attached), created impermissible confusion by failing to identify effectively that name of the creditor

1

to whom the debt was owed, in violation of § 1692g of the FDCPA . Indeed, Judge Hibbler, in a thorough and well-reasoned opinion, recently denied a Rule 12(b)(6) motion to dismiss related to a similar letter, involving one of the Defendants here, LVNV Funding, see, Braatz v. Leading Edge Recovery Solutions, LLC, and LVNV Funding, LLC, 2011 U.S. Dist. LEXIS 123118 (N.D.Ill. 2011)(attached as Exhibit B).

## FACTUAL BACKGROUND

Mr. Walls fell behind on paying his Credit One Bank credit card debt. At some point in time after the Credit One Bank debt became delinquent, it was sold to a bad debt buyer, LVNV Funding, LLC ("LVNV"). Defendant LVNV has a sister corporation, Resurgent Capital Services, L.P. ("Resurgent"), which manages the collection of LVNV's portfolio. Defendants LVNV and Resurgent began trying to collect the Credit one bank debt from Mr. Walls by having Defendant United Collection Bureau, Inc. ("UCB") send Mr. Walls an initial form collection letter, dated February 8, 2011.

This February 8, 2011 collection letter twice identified UCB's "Client" as Resurgent Capital Services, L.P., but also stated that the "Current Owner" was LVNV Funding, LLC -- without explaining what the relationship or difference was between the "Client" and the "Current Owner" (see, Dkt.1-3 and Ex. A), Defendants' letter failed to explain what the relationship or difference was between the "Client" and the "Current Owner".

Plaintiff's filed his Class Action Complaint on August 20, 2011, setting forth that Defendants' form collection letter failed to identify effectively the name of the current creditor to whom the debt is owed, in violation of § 1692g of the FDCPA. (Dkt. 5 at ¶¶ 13 -15); see also, 15 U.S.C. § 1692g(b).

Defendants now move to dismiss Plaintiff's claim pursuant to Fed.R.Civ.P. Rule 12(b)(6), arguing that the letter at issue states the name of the creditor to whom the debt is owed – LVNV—and thus they have complied with the FDCPA (Dkt. 15 at pp. 3-4). Defendants' form collection letter must be read as a whole, however, and its failure to explain how its "client" is Resurgent, but the "Current Owner" is LVNV, and neither one is identified as the creditor to whom the debt is owed (although, adding to the confusion, Credit One Bank is identified as both the "Original Merchant" and "Original Creditor") (Dkt. 1-3; Ex. A). It simply not enough to identify the current creditor - that identification must be effective. See, Bartlett, 128 F. 3d at 500; Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C., 214 F.3d 872, 875 (7th Cir. 2000).

**ARGUMENT**

A Rule 12(b)(6) motion tests the sufficiency of the complaint, not the merits of the case, see, Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). The Court must accept the complaint's well-pleaded factual allegations as true and draw all reasonable inferences in plaintiff's favor. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). To survive a motion to dismiss, a complaint must contain sufficient facts to state a facially plausible claim to relief. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

The Seventh Circuit has emphasized that even though Twombly "retooled federal pleading standards" and "retired the oft-quoted *Conley* formulation", notice pleading is still all that is required, see, Tamayo v. Blagojevich, 526 F.3d 1074, 1083 (7th Cir. 2008). To provide a defendant with "fair notice of what the claim is and the grounds upon which it rests," a complaint must provide "a short and plain statement of the claim

showing that the pleader is entitled to relief," see, Fed.R.Civ.P. 8(a)(2). The allegations of the Complaint must also plausibly suggest that the plaintiff has a right to relief and raise that possibility above the "speculative level", see, Twombly, 550 U.S. at 555.

Finally, Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### I. Plaintiff Walls Has Stated A Claim For Relief Under § 1692g Of The FDCPA

Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, they had to provide Mr. Walls with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;" see, 15 U.S.C. § 1692g(a)(2).

In Bartlett, the Seventh Circuit held that a demand for partial payment, or suitable arrangements for payment, within one week, contradicted the statutorily-required validation notice, explaining that there was more than one way for a debt collector to induce confusion through "overshadowing":

    1.) an outright contradiction;

    2.) literal overshadowing, through the use of fine print, faint print or confusing typefaces; or

    3.) failing to explain an apparent, through not actual contradiction.

Bartlett, 128 F.3d at 500. Moreover, the Seventh Circuit stated that "the unsophisticated consumer is to be protected against confusion, whatever form it takes." Bartlett, 128 F.3d at 500.

Likewise, in Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996)., the Seventh Circuit held that the validation notice in a debt collector's letter was clearly ineffectively conveyed, in violation of section 1692g of the FDCPA, by subsequent language in the debt collection letter:

> "We think that telling debtor he has 30 days to dispute the debt and following that with a statement the '[I]f the above does not apply' you have ten days to pay up or real trouble will start is entirely inconsistent, and a failure to comply, with the FDCPA. We think the unsophisticated consumer would be scratching his head upon receipt of such a letter. . . . A debt validation notice, to be valid, must be effective, and it cannot be cleverly couched in such a way as to eviscerate its message. To protect the uninformed, the naïve, and the trusting – the sort of people who easily fit under the umbrella of the 'unsophisticated consumer' – the notice cannot be as misleading and tricky as the one used here by [the debt collector]."

Avila, 84 F.3d at 226.

Similarly, in Miller v. McCalla, the Seventh Circuit found that a statement that the "unpaid principal balance" of a debt was a particular amount, but that it did not include accrued but unpaid interest, unpaid late charges or other charges, did not effectively convey the amount of the debt, as is required by the FDCPA, and thus violated the FDCPA. Miller v. McCalla, 214 F.3d at 875.

Here, Defendants' form debt collection letter, twice listing Resurgent as the "Client" and LVNV as the "Current Owner", without explaining what the relationship or difference was between the "Client" and the "Current Owner", created impermissible confusion by failing to identify effectively the name of the creditor to whom the debt was owed, in violation of § 1692g of the FDCPA. Oddly Defendants argue that ". . . Plaintiff is attempting to exploit Defendants' accurate description of the business relationships between Defendants contained in its notice" (Dkt. 15at p.3), when, in fact, there is no

5

description at all of the relationship between UCB, Resurgent and LVNV -- accurate or otherwise. Defendants also state that, "[I]t is true, Plaintiff was to pay Resurgent for a debt owed to LVNV." (Ibid.) How is an unsophisticated consumer supposed to understand that, at all, based on Defendants' letter? Indeed, it would seem that Plaintiff was to pay UCB for a debt owed to somebody – Resurgent, LVNV, or perhaps even Credit One Bank.

In denying a Rule 12(b)(6) motion to dismiss in Braatz, Judge Hibbler considered a collection letter which stated "Original Creditor: CITIBANK", but also stated that "Creditor: LVNV Funding LLC", and then stated that the consumer's "delinquent CITIBANK account" had been placed with Leading Edge Recovery Solutions, Inc. ("LERS") for collection. Defendants' letter failed to explain what the relationship or difference was between the "Original Creditor" and the "Creditor". Braatz, 2011 U.S.Dist. LEXIS 123118 at [*1]. As the court in Braatz held:

> . . . it is true that the notice explains that LVNV is the creditor. If that were the only statement regarding the identity of the creditor, the Court might indeed conclude that as a matter of law the dunning letter was not confusing. However, the notice also identifies the debt as belonging to Citibank. Thus the dunning letter identifies two creditors. This is an apparent contradiction that the debt collector fails to explain. An unsophisticated consumer might understand that LVNV had purchased the delinquent Citibank account. That is, however, but one plausible inference to be drawn from the letter. An unsophisticated consumer might just as reasonably conclude that she believed to be a single debt was now owed to two separate companies (LVNV and Citibank).

Braatz, 2011 U.S.Dist. LEXIS 123118 at [*3]-[*4]. Likewise, here, how is an unsophisticated consumer supposed to understand the relationship between UCB's proclaimed "client", Resurgent and the "Current Owner" and determine who, exactly is the creditor to whom the debt is owed?

Moreover, there can be no question that the identity of the creditor to whom the debt is owed is a "material" misrepresentation – Congress thought that disclosure of the identity of the creditor to whom the debt was owed was so important that it placed an affirmative duty on debt collectors to disclose that information within five days of their initial communication with a consumer, see, 15 U.S.C. § 1692g(a)(2). As the Seventh Circuit observed in Muha v. Encore Receivables Management, Inc., 558 F.3d 623 (7th Cir. 2009):

> "[c]onfusing language is a dunning letter can have an intimidating effect by making the recipient feel that he is in over his head and had better pay up rather than question the demand for payment."

Muha, 558 F.3d at 629. Clearly, Defendants' letter to Plaintiff Walls, with its ineffective disclosure of the name of the creditor to whom the debt was owed, violates § 1692g of the FDCPA and states a claim upon which relief may be granted.

## II. Plaintiff Must Be Allowed To Present Extrinsic Evidence, In The Form Of A Consumer Survey, To Prove His Claim

Should this Court not be convinced that Defendants' letter violates the FDCPA on its face, Plaintiff Walls should be allowed to present extrinsic evidence, in the form of a consumer survey, to support his claim. Indeed, Plaintiff has the right to conduct a consumer survey to determine if other consumers would likewise find the language in the debt collection letters at issue here to be confusing. See, Durkin v. Equifax Check Services, Inc., 406 F.3d 410, 419 and 422-423 (7th Cir. 2005).

In Durkin, the Seventh Circuit held that:

> " . . . when the text of the letter does not plainly reveal that it would be confusing to a significant fraction of the population, the plaintiff must come forward with extrinsic evidence, such as a consumer survey, to create a genuine issue of material fact for trial."

7

Durkin, 406 F.3d at 419.  Indeed, in Taylor v. Cavalry Investment, L.L.C., 365 F.3d 572 (7th Cir. 2004)  the Seventh Circuit warned that:

> A judge might be mistaken in supposing that a letter that was clear to him was clear to unsophisticated debtors, however, and so it is open to a plaintiff, in any but the clearest cases, to present objective evidence of confusion, for example the results of a consumer survey.

Taylor, 365 F.3d at 575.

Likewise, as the Seventh Circuit noted in McMillan v. Collection Professionals, Inc., 455 F.3d 754, 759 (7th Cir. 2006) :

> We have cautioned that a district court must tread carefully before holding that a letter is not confusing as a matter of law when ruling on a Rule 12(b)(6) motion because 'district judges are not good proxies for the 'unsophisticated consumer' whose interest the statute protects.

McMillan, 455 F.3d at 759; see also, Evory v. RJM Acquisitions Funding, L.L.C., 505 F.3d 769, 776 (7th Cir. 2007).

Clearly, Plaintiff Walls has a right to present extrinsic evidence, in the form of a consumer survey to prove his contention that Defendants' letter is confusing, precluding dismissal of his claim under § 1692g of the FDCPA; see also, Pettit v. Retrieval Masters Creditors Bureau, Inc., 211 F.3d 1057, 1061-1062 (7th Cir. 2000).  Moreover, should this Court conclude that extrinsic evidence is necessary to determine whether Defendants' letter violates the FDCPA, this Court should immediately appoint its own neutral expert to conduct a survey, see, DeKoven v. Plaza Associates, 599 F.3d 578, 582-583 (7th Cir. 2010).

## CONCLUSION

Plaintiff Walls has stated a claim upon which relief may be granted – that Defendants' letter fails to identify *effectively* the name of the current creditor, in violation

of § 1692g of the FDPCA. Defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) must be denied.

                                                                                   Joshua Walls, individually and on behalf of all others similarly situated,

                                                                                   /s/ David J. Philipps_____
                                                                                   One of Plaintiff's Attorneys

Dated: December 14, 2011

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

9

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 14, 2011, a copy of the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS** was electronically filed with the District Court. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Robert D. Connealy          rconnealy@gordonrees.com
James B. Hiller              jhiller@gordonrees.com
Gordon & Rees LLP
One North Franklin
Suite 800
Chicago, Illinois 60606


/s/ David J. Philipps_____

David J. Philipps    (Ill. Bar No. 06196285)
Philipps & Philipps, Ltd.
9760 South Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com