11-6026.121-JCD                                                May 16, 2012

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JOSHUA WALLS, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
|     v. ) | No. 11 C 6026 |
| ) | |
| UNITED COLLECTION BUREAU, INC.; ) | |
| LVNV FUNDING, LLC; and RESURGENT ) | |
| CAPITAL SERVICES, L.P., ) | |
| ) | |
|     Defendants. ) | |

### MEMORANDUM OPINION

Before the court is the defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons explained below, the motion is denied.

### BACKGROUND

Plaintiff, Joshua Walls, filed a class-action complaint against defendants United Collection Bureau, Inc., ("UCB"); LVNV Funding, LLC ("LVNV"); and Resurgent Capital Services, L.P. ("Resurgent"). Walls alleges that on February 8, 2011, defendants sent him a debt-collection letter that violates the Fair Debt Collection Practices Act ("FDCPA") because it did not effectively state certain required information--particularly, "the name of the creditor to whom the debt is owed." See 15 U.S.C. § 1692g(a)(2).

Defendants move to dismiss the complaint.

- 2 -

## DISCUSSION

Under federal notice-pleading standards, a complaint need not contain "detailed factual allegations," but it must have more than mere "labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain sufficient facts to raise a plaintiff's right to relief above a "speculative" level, id. at 555, and the claim must be "plausible on its face," id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Walls alleges that the dunning letter he received from UCB, which is attached as Exhibit C to the complaint, is confusing as to whom the debt is owed because at the top of the page, it identifies Resurgent as the "Client" and LVNV as the "Current Owner" (while identifying Credit One Bank, N.A. as the "Original Merchant" and "Original Creditor"). He points out that there is no explanation of the relationship between Resurgent and LVNV, or between the "Client" and the "Current Owner." (Compl. ¶ 14.) Neither one is identified explicitly as the "creditor to whom the debt is owed."

It is implicit in the FDCPA that a debt collector "may not defeat the statute's purpose by making the required [§ 1962g] disclosures in a form or within a context in which they are unlikely to be understood by the unsophisticated debtors who are

- 3 -

the particular objects of the statute's solicitude." Bartlett v. Heibl, 128 F.3d 497, 500 (7th Cir. 1997). When considering whether a collection letter could violate the FDCPA, we view it through the eyes of this unsophisticated consumer, who might be "uninformed, naive, [and/or] trusting" but does have "rudimentary knowledge about the financial world" and can make basic logical deductions and inferences. Fields v. Wilber Law Firm, P.C., 383 F.3d 562, 564 (7th Cir. 2004). Generally, the Seventh Circuit views the confusing nature of a collection letter as a question of fact that, if well-pleaded, avoids Rule 12(b)(6) dismissal. Zemeckis v. Global Credit & Collection Corp., --- F.3d ----, 2012 WL 1650479, at *2 (7th Cir. May 11, 2012); see also McMillan v. Collection Professionals, Inc., 455 F.3d 754, 759 (7th Cir. 2006) ("We have cautioned that a district court must tread carefully before holding that a letter is not confusing as a matter of law when ruling on a Rule 12(b)(6) motion because district judges are not good proxies for the unsophisticated consumer whose interest the statute protects." (internal quotation marks omitted)). Nevertheless, dismissal is appropriate when it is "apparent from a reading of the letter that not even a significant fraction of the population would be misled by it." Zemeckis, 2012 WL 1650479, at *2.

In defendants' view, the "owner of the debt is accurately listed" in the letter, and plaintiff is "attempting to exploit Defendants' accurate description of the business relationships

- 4 -

between [sic] the Defendants contained in its notice." (Defs.' Mot. at 2, 3.) Defendants contend that "only the creative mind of a career FDCPA plaintiffs' attorney could concoct" a "hint of abusive debt collection practices contained in Defendants' dunning letter," and that if plaintiff or an unsophisticated consumer "must know" why Resurgent is referred to as "Client," "they can call UCB and find out." (Defs.' Reply at 7-8.)

Defendants' arguments have no merit. The confusion alleged here is not the ingenious invention of an attorney, nor is it a bizarre interpretation of the dunning letter Walls received. Defendants assert repeatedly that the letter is not confusing because it accurately specifies that LVNV is the "current owner of the debt." First, LVNV is not so identified. The letter refers to LVNV simply as "Current Owner." Current owner *of what?*, a significant number of unsophisticated debtors might reasonably ask themselves. Second, defendants ignore the plain language of the statute, which requires that the "creditor to whom the debt is owed" be identified, not the "current owner of the debt." This statutory language makes sense because an unsophisticated consumer likely does not ask himself, "Who owns the debt?" or think about debt in terms of "ownership." Rather, he wants to know who is owed the money. In addition, the letter's designation of the "original creditor" can be viewed as making the letter even more confusing in light of the fact that no phrase like "current creditor" is used.

- 5 -

We reject defendants' contention in their reply brief that what plaintiff is complaining of is "immaterial" information. The statute expressly requires identification of the creditor to whom the debt is owed; when that information is presented in an arguably confusing manner, it could influence the consumer's decision. For example, it could cause an unsophisticated consumer to be concerned about the possibility of being defrauded or about paying the incorrect creditor and continuing to have outstanding debt. See Braatz v. Leading Edge Recovery Solutions, LLC, No. 11 C 3835, 2011 U.S. Dist. LEXIS 123118, at *4 (N.D. Ill. Oct. 21, 2011).

The letter at issue engenders confusion sufficient to state a claim for violation of § 1692g of the FDCPA. Accordingly, the motion to dismiss will be denied.

## **CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss the complaint is denied. This case is set for a status hearing on May 30, 2012, at 10:30 a.m. to discuss the next steps in the case.

DATE:        May 16, 2012

ENTER:       _____
             John F. Grady, United States District Judge