IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Joshua Walls, individually and on behalf of all others similarly situated, ) ) ) ) Plaintiff, ) ) v. ) ) United Collection Bureau, Inc., an Ohio ) corporation, LVNV Funding, LLC, a ) Delaware limited liability company, and ) Resurgent Capital Services, L.P., a ) Delaware limited partnership, ) ) Defendants. ) | No. 11 C 6026<br><br>Judge Grady |

## ORDER GRANTING
## PRELIMINARY APPROVAL OF SETTLEMENT

This cause comes before the Court on the Joint Motion of Class Representative Joshua Walls, and Defendants United Collection Bureau, Inc., an Ohio corporation, LVNV Funding, LLC, a Delaware limited liability company, and Resurgent Capital Services, L.P., a Delaware limited partnership, (the "Defendants"), for Preliminary Approval of the Class Action Settlement Agreement, due notice having been given, and the Court being fully advised in the premises:

THE COURT HEREBY FINDS THAT:

1. The parties have entered into a Class Action Settlement Agreement ("Agreement") dated August 6, 2012.

2. The Agreement has been submitted to the Court for preliminary approval pursuant to Fed. R. Civ. P. 23.

3. The Complaint in this action alleges that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

4. Defendants deny that they have any liability to Plaintiff or the Class whatsoever, and further denies that their actions violated the FDCPA in any manner.

5. The Complaint sought recovery of statutory damages pursuant to § 1692k of the FDCPA. Under § 1692k, the maximum statutory damages recoverable by the Plaintiff is $1,000 and the maximum statutory damages recoverable by the Class against Defendants is the lesser of 1% of their net worth up to a maximum of $500,000. In this case, that amount ranges from $47,000 up to $195,000.

6. The Agreement calls for payment of $1,000 to the Plaintiff; to release from any liability 243 of the class members who still owe LVNV the debts that they owed originally to Credit One Bank, which debts amount to $183,147.24, and agree to not transfer, sell or assign those debts, as well agree to delete any negative credit history reported about those debts and to deem those debts as disputed so that no IRS 1099 issues for debt cancellation/forgiveness; and, to pay $42,380 to the Class, which will be distributed as follows: each of the 243 members of the class who has a debt that is being released will receive one share of the settlement fund, while each of the 73 members of the class who do not have a debt that can be released (because the debt is no longer owed due to payment or settlement, resolved in a bankruptcy, sold to another creditor, or sold/transferred back to the original creditor), will receive two shares of the settlement fund, which will be divided up among each of the Class Members, based upon their shares, who timely returns a claim form, with a maximum payment of $500 per Class Member.

The Court finds these amounts to be fair, adequate and reasonable for the following reasons, among others, Plaintiff and the Class are receiving, and Defendants are paying, a sufficient amount of statutory damages under the FDCPA.

7. This Court hereby certifies a Class in this matter, pursuant to Fed.R.Civ.P. 23(b)(3), of all persons similarly situated in the State of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a Credit One Bank account, via the same initial form collection letter that was sent to Plaintiff (Complaint Exhibit C), which allegedly did not identify effectively the name of the creditor to whom the debt was currently owed, from August 30, 2010, to the August 30, 2012. Moreover, Joshua Walls, is appointed as representative of the Class and his attorneys, David J. Philipps and Mary E. Philipps of Philipps & Philipps, Ltd., are appointed as Class Counsel.

8. Class Counsel is to send out the Class notice and distribute the settlement fund to the Class. Class Counsel is to receive $36,000 for their attorneys' fees and costs in this matter and will submit a motion, containing their time records, requesting an award in this amount, which will show that Class Counsel has incurred this amount in fees and costs.

9. The Court hereby approves the sending by Class Counsel, within 21 days of this Order, the Class Notice in the form attached as Exhibit 2 to the Joint Motion to the Settlement Agreement to each Class Member at their last known address. Defendants will pay Class Counsel $3,000 for the costs of sending notice and distributing/administering the settlement fund.

10. The Court finds that the settlement negotiations were conducted at arms-length and in good faith among all parties and preliminarily finds that the terms of the Settlement Agreement are fair, reasonable and adequate to Plaintiff and all members of the Class. In addition to the other facts stated herein, the Court finds the Settlement

3

Agreement to be particularly fair, adequate and reasonable in light of the risk of establishing liability and the expense of further litigation.

IT IS HEREBY ORDERED THAT:

1. The above class is certified, pursuant to Fed.R.Civ.P. 23(b)(3) consisting of all persons similarly situated in the State of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a Credit One Bank account, via the same initial form collection letter that was sent to Plaintiff (Complaint Exhibit C), which allegedly did not identify effectively the name of the creditor to whom the debt was currently owed, from August 30, 2010, to the August 30, 2012.

Joshua Walls is appointed as representative of the Class, and his attorneys, David J. Philipps and Mary E. Philipps of Philipps & Philipps, Ltd., are appointed as Counsel for the Class.

2. The Settlement Agreement dated August 6, 2012, is hereby granted preliminary approval.

3. Class Counsel shall send out the Class Notice to each Class Member by October 17, 2012.

4. Defendants, pursuant to 28 U.S.C. § 1715 of the Class Action Fairness Act, has notified the appropriate Federal and State regulatory authorities of this proposed Settlement, within 10 days of the filing of the motion to approve the Settlement Agreement, and shall file with the Court verification of Defendants' compliance with 28 U.S.C. § 1715(b).

5. Notice, in the form attached as Exhibit 2 to the Joint Motion, shall be sent

4

by Class Counsel, to all Class Members at their last known addresses who shall have until November 30, 2012, to return their claim forms, opt-out, or present any objections to the settlement. No skip tracing of Class Members whose Class Notices are returned is necessary. The parties shall present the Settlement for final approval on January 9 2013, at 10:30 a.m.

_____
Judge John F. Grady,
United States District Court

DATED: September 26th, 2012