IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Joshua Walls, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>United Collection Bureau, Inc., an Ohio corporation, LVNV Funding, LLC, a Delaware limited liability company, and Resurgent Capital Services, L.P., a Delaware limited partnership,<br><br>    Defendants. | No. 11 C 6026<br><br>Judge Grady |

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

This cause comes before the Court for final approval of the Class Action Settlement Agreement, and for Dismissal of this action pursuant to the terms of the Class Action Settlement Agreement, due notice having been given, and the court being duly advised in the premises:

THE COURT HEREBY FINDS THAT:

1. The parties entered into a Class Action Settlement Agreement ("Settlement Agreement"), dated August 6, 2012.

2. On September 26, 2012, that Settlement Agreement was, pursuant to F.R.C.P. 23, preliminarily approved and a Class was certified in this matter.

3. Pursuant to ¶ 10 of the Settlement Agreement, the Notice of Class Action was mailed by Plaintiff's Counsel, to each of the 316 members of the Class. Four notices were returned by the United States Postal Service as undeliverable, with a

1

forwarding address, and were re-mailed, while 17 were returned by the United States Postal Service as undeliverable with no further information.

4. No objections were received, no members of the Class sought leave of this Court to intervene, and no members of the Class opted-out of this action, while 86 members of the Class returned claim forms. Of the 86 claims, 67 claims are from persons with single shares of the settlement fund (because their debt is also being eliminated), while 19 claims are from persons with double shares of the settlement fund (because their debt could not be eliminated). This results in 105 shares on the Settlement fund or $403.62 per share. Accordingly, each Class member with a single share of the fund will receive $403.62, while each person with a double share will receive the maximum claim amount of $500.00.

5. The Complaint in this action alleged that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

6. Defendants deny that they have violated the FDCPA in any way.

7. The Complaint sought recovery of statutory damages pursuant to § 1692k of the FDCPA. Under § 1692k, the maximum statutory damages recoverable by an individual plaintiff is $1,000 and the maximum statutory damages recoverable by a class is the lesser of 1% of the Defendants' net worth or $500,000. Here, based upon the Defendants' net worth, the high range of the recovery is from $47,000 to $195,000.

8. The Settlement Agreement calls for payment of $1,000 to the Class Representative, Joshua Walls, and payment of $42,380 to the Class, to be distributed pro-rata to each of the 316 class members who returned a claim form, with a maximum payment of $500 each. Moreover, the debts of 243 of the class members, which

amount to $183,147, are being extinguished. The Court finds these amounts to be fair, adequate and reasonable because the individual Plaintiff and the Class are receiving a sufficient amount of statutory damages under the FDCPA.

9. The Court finds that the settlement negotiations were conducted at arms-length and in good faith among all counsel and that the terms of the Settlement Agreement are fair, reasonable and adequate to Plaintiff and all members of the Class. In addition to the other facts stated herein, the Court finds the Settlement Agreement to be particularly fair, adequate and reasonable in light of the risk of establishing liability and the expense of further litigation.

10. Pursuant to ¶9 of the Settlement Agreement, the $42,380 Class settlement fund shall be distributed by Plaintiff's Counsel, as set forth above to the 86 members of the Class who returned a claim form, within 30 days of the final approval of the settlement, checks shall be mailed to each class member who returned a claim form. Any portion of the $42,380 which is unclaimed by the Settlement Class, because the Settlement check is returned as undeliverable or without a forwarding address, or because the check remains uncashed 60 days after distribution, or because money is left over after distribution of the funds to the class members, shall be distributed to equally to the Chicago Legal Clinic and the National Consumer Law Center as a cy pres remedy. Pursuant to ¶ 9 of the Settlement Agreement, 120 days after final approval, Class Counsel shall provide the Court and Defendants' Counsel with a report regarding the number of checks that were returned or were not cashed and the amount distributed to the cy pres recipients.

11. Pursuant to ¶¶ 8 & 9 of the Settlement Agreement, the Defendants are to pay $36,000 for Class Counsel's attorneys' fees and costs. Class Counsel has submitted a motion detailing that their attorneys' fees and costs exceed this amount and thus, their motion is granted and this amount is approved.

12. Pursuant to ¶ 9 of the Settlement Agreement, the $1,000 due to the Class Representative, the $42,380 due to the class, the $3,000 due for the cost of mailing the class notice and distributing the settlement fund and the $36,000 due for attorneys' fees and costs, shall be paid by Defendants to Class Counsel within 21 days of the date of this order, which is to be held in trust until the 30-day appeal period has run.

**IT IS HEREBY ORDERED THAT:**

1. The Settlement Agreement, dated August 6, 2012, is hereby approved.

2. Plaintiff and the Class shall be forever barred and enjoined from instituting or further prosecuting, in any forum whatsoever, including but not limited to, any State, Federal, or Foreign Court, against Defendants, their past or present parents, affiliates, subsidiaries, successors, and assigns, and its present or former directors, officers, employees and agents (the "Released Parties"), of and from all causes of action, suits, claims and demands, whatsoever, in law or in equity, known or unknown at this time, which Plaintiff and the Class now have, ever had, or hereafter may have against the Released Parties, arising out of or relating to the claims that were asserted or alleged in the Complaint or which could have been asserted in the lawsuit and arising out of Defendants' alleged violations of the FDCPA. Defendants hereby agree that it shall be barred identically

from pursuing any claims for relief under § 1692k(a)(3) of the FDCPA against Plaintiff or against any member of the Class arising out of Defendants' alleged violations of the FDCPA, and are barred from attempting to collect the underlying debts owed by Class members.

3. Defendants shall pay $82,380 ($1,000 due to the Class Representatives, $42,380 due to the class members, $3,000 due for the cost of mailing and $36,000 for Plaintiff's attorneys' fees and costs) to Class Counsel's Fiduciary Account within 21 days of the final approval of this settlement; 120 days after the approval of the settlement, Class' Counsel shall provide the Court and Defendants' Counsel with a report regarding the number of checks that were returned or remain uncashed, and shall distribute any remaining funds equally to the Chicago Legal Clinic and the National Consumer Law Center as a cy pres remedy.

4. This Court reserves jurisdiction over all matters arising out of the Settlement Agreement.

5. This action is hereby dismissed without prejudice and without costs; upon filing of the final report as to the distribution of the settlement fund to the Class, as set forth in ¶ 10 herein, the dismissal will be converted to a dismissal with prejudice, and the Court shall no longer retain jurisdiction of this matter.

6. This order resolves all claims against all parties in this action.

ENTER:

Judge John F. Grady,
United States District Court

DATED: January 11, 2013